**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**MARILYN LAVERN TORNS**                               **PLAINTIFF**

V.                                    **CIVIL ACTION NO. 3:12CV339 HTW-LRA**

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**        **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Marilyn Torns, proceeding *pro se*, appeals the final decision denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The Commissioner requests an order pursuant to 42 U.S.C. § 405(g) affirming the final decision of the Administrative Law Judge. Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that the decision be affirmed for the reasons that follow.

**Factual and Procedural Background**

On February 16, 2010, Torns protectively filed applications for DIB and SSI alleging that she became disabled on August 1,1991. The applications were denied initially and on reconsideration. She appealed the denial and on April 13, 2011, Administrative Law Judge Willie L. Rose ("ALJ") rendered an unfavorable decision finding that Plaintiff had not established a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review and she now appeals that decision.

Torns is a high school graduate with some college education. She was approximately 54 years old at her administrative hearing, and has past relevant work experience as a housekeeper and a nursery-school attendant. Although she alleges disability since 1991, she testified that she last worked full-time in September 2009. As recently as August 2010, she also worked from home caring for three children, including a newborn. Earnings records also indicate work activity in 2001, 2002, 2003, 2005, 2008, and 2009. She is married, but testified that she has been separated from her husband for the past 15 years and lives alone. On her disability application, she alleges disability due to carpal tunnel syndrome, arthritis in both hands, and vision problems. She also alleges to have been diagnosed with and/or take medications for rheumatoid arthritis, hypertension, a right mastectomy, gallbladder problems, asthma, gastroesophageal reflux disease, diabetes, malignant tumors in her lower extremities, and foot problems, all of which she claims require surgery. She alleges that her impairments cause pain in her entire body, and that she is incapable of performing any normal activities. She describes her hand pain as so severe that it "hurts to the bone," wakes her up at night, and causes her hands to lock up sometimes.[1]

After reviewing the evidence, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. At step one of the five-step sequential evaluation, the ALJ observed that Plaintiff's significant work activity after her alleged onset date, some of

---

[1]ECF No. 11-2, pp. 22-43.

which rose to the level of substantial gainful activity, contradicted her disability claims. At step two, the ALJ found that although Plaintiff suffers from the following medical determinable impairments: hypertension, history of right mastectomy, bilateral carpal tunnel syndrome, gastroesophageal reflux disease, and asthma, none of these impairments were medically severe. The ALJ alternatively found at steps four and five that Plaintiff had the residual functional capacity to perform light work, and that based on vocational expert testimony, she could return to her past relevant work as a housekeeper and nursery-school attendant.

**Discussion**

Plaintiff contends the ALJ erred in denying her applications for benefits, and requests an order directing the Commissioner to grant her benefits including any "back time payments" that the Court finds she is entitled to. She advises that she has filed applications for SSI and DIB on several occasions, but they have been repeatedly and continuously denied. She claims that her illnesses could cause her demise within the next year, and that the Commissioner knows, or should reasonably know, that an African-American with her illnesses, is incapable of being employed. As additional evidence in support, she attaches the following to her Complaint: (1) a letter from the attorney who represented her during the administrative proceedings declining to represent her on appeal; (2) administrative documents from the Mississippi Office of Disability Determination Services requesting additional information concerning her claim; (3) the

3

ALJ's unfavorable decision and the exhibit list attached thereto; and (4) an undated, sworn affidavit from her husband, Charles Torns, whom Plaintiff indicates she separated from 15 years prior to her administrative hearing.[2] The Court rejects these arguments for the reasons that follow.

This Court's review of the ALJ's decision is limited to two basic inquiries: "(1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)). Evidence is substantial if it is "relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)). This Court may not re-weigh the evidence, try the case *de novo*, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

A claimant's entitlement to disability benefits hinges on whether he can establish his inability "to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 435 (quoting 42 U.S.C. §§

---

[2]ECF No. 1-1, pp. 1-17.

416(i), 423(d)(1)(A)).  The Commissioner reviews the evidence of disability offered by the claimant and evaluates the evidence by using a sequential evaluation.[3]  The burden of proof on the first four steps falls on the claimant; the burden of proof on the last step -- whether a claimant can perform work existing in significant numbers in the national economy -- rests with the Commissioner.  Significantly, the Commissioner only has the burden of proof at step five, while the claimant has the burden of making the threshold showing that the impairment is medically severe at step two.  An impairment is not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."  *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir. 1985) (quotation omitted).[4]

Applying the severity standards set forth in *Stone v. Heckler* and 20 C.F.R. § § 404.1521 and 416.921, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that were medically severe at step two.  In making this determination, the ALJ considered both the objective medical evidence and Plaintiff's

---

[3] Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantially gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform?  *See also McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

[4] *See also Anthony*, 954 F.2d at 294-295 (finding that the standards announced in *Stone* remain unchanged in the wake of *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)).

5

subjective complaints. The ALJ found that while Plaintiff's impairments could reasonably be expected to produce the alleged symptoms, her statements regarding their intensity, persistence, and limiting effects did not credibly establish that her impairments were medically severe. When a claimant's statements concerning the intensity, persistence, or limiting effects of symptoms are not supported by objective evidence, the ALJ has the discretion to make a finding on their credibility. *Foster v. Astrue*, 277 F. App'x. 462 (5th Cir. 2008). The ALJ's determination is entitled to considerable deference and is supported by substantial evidence here.

At the outset, the ALJ noted that although Plaintiff alleges an onset date of August 1, 1991, the first medical evidence of record is dated January 6, 2005. The Court notes further that the record reflects that Plaintiff did not receive or seek any medical treatment in 2007 and 2008, and was treated only once in 2009, 2010, and 2011. Also, contrary to Plaintiff's assertions on appeal, the record fails to establish evidence that she was ever definitively *diagnosed or treated* for carpal tunnel syndrome, rheumatoid arthritis, diabetes, gallbladder problems, vision problems, foot problems, or malignant tumors in her lower extremities. *Anthony*, 954 F.2d at 295. The objective medical evidence shows only that she takes prescription medication for hypertension, acid reflux, and asthma, and has been treated a total of five times since her alleged onset date, more than twenty years

ago.[5]

The Court additionally notes that although the ALJ found Plaintiff's gastroesophageal reflux was a medically determinable impairment, he failed to address whether it was a severe impairment at step two. However, the failure to do so does not warrant reversal or remand. *Carey v. Apfel*, 230 F.3d. 131,142 (5th Cir. 2000). Though the record confirms that Plaintiff was diagnosed and prescribed medication for gastroesophageal reflux, nothing of record indicates that it produced any work-related limitations or was uncontrolled by medication. Substantial evidence as set forth below supports the ALJ's overall finding that none of Plaintiff's impairments, alone or in combination, were medically severe or would otherwise preclude her from performing light work activity.

As noted by the ALJ, while emergency room records indicate that Plaintiff reported a history of right mastectomy secondary to breast cancer in 1990, there is no evidence that she experiences any residual impairment. Nothing of record indicates a recurrence of cancer, and Plaintiff does not contend, nor does the record support, any work-related limitations. While she experiences occasional swelling in her right arm, by her own admission, she has not been back to the doctor for further treatment since her

---

[5]The Court is mindful that Plaintiff intimates on appeal that her lack of treatment was due to financial limitations. ECF Nos. 1, 14. The record reflects, however, that benefits were denied not because of Plaintiff's inability to afford the treatment, but rather because she failed to prove that her untreated impairments were severe or prevented her from returning to her past relevant work. *Peebles v. Chater*, 77 F.3d 477 (5th Cir. 1995).

7

surgery more than twenty years ago. "A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987) (internal citations omitted).

Relative to her complaints of bilateral hand pain, it is well settled that a claimant's subjective complaints must be corroborated, at least in part, by objective medical evidence. *Anthony*, 945 F.2d at 295. As noted earlier, there is no evidence that Plaintiff was ever diagnosed with carpal tunnel syndrome or rheumatoid arthritis. By her own admission, she has never received any shots or injections for her hand pain, and nothing substantiates her claims that doctors recommended hand surgery. The only documented reference to bilateral hand pain, aside from a consultative examination performed in May 2010, is a one-page treatment note from the Mission First Medical Clinic in November 2009. That note reflects that Plaintiff complained of bilateral hand pain and numbness, as well as vomiting and nausea. It also notes that she stopped taking her blood pressure medication three months before her appointment because it caused her head to hurt. Significantly, no objective medical findings were made relative to her complaints of bilateral hand pain, nor was a course of treatment recommended. She was prescribed Zantac and blood pressure medication, and instructed to lose weight and watch her diet.[6]

In the only comprehensive physical examination of record, Dr. Joseph Gunter noted in his consultative examination that Plaintiff's chief complaints were carpal tunnel

---

[6]ECF No. 11-7, p, 13.

8

syndrome and "arthritis hands." She also reported that she was unable to work because of hand pain. But on examination, Dr. Gunter observed that Plaintiff exhibited a full range of motion in both hands with no swelling or tenderness. She also demonstrated full grip strength, adequate fine motor movements, dexterity, and could grasp objects bilaterally. X-rays of both hands also showed no gross bony deformities or any other abnormalities. Based on these objective findings, Dr. Gunter concluded that Plaintiff's physical examination was within normal limits and opined in relevant part that she could lift and carry objects appropriate for a 55 year-old woman. The ALJ had good cause to assign significant weight to this opinion as it was consistent with the objective medical evidence and uncontroverted by any other treating or examining physician. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); *Martinez v. Chater*, 64 F.3d 172 (5th Cir. 1995). Subjective complaints must be corroborated in part by objective medical evidence. Absent objective medical evidence corroborating Plaintiff's claims of bilateral hand pain, the ALJ did not err in finding that it was not medically severe or would otherwise prevent her from returning to her past relevant work.

In determining that Plaintiff's hypertension was not severe, the ALJ noted that there was no evidence that it was uncontrolled or resulted in any end organ damage. *See James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986) ("When the record indicates that hypertension can be controlled with medication, the hypertension is not disabling.") (quotation omitted). The Court notes further that while medical records show that her

9

blood pressure remained elevated, Plaintiff acknowledged that she had stopped taking her medication for three months because it caused her headaches. At any rate, the mere presence of hypertension is not disabling, and the record does not reflect that Plaintiff experienced these elevated blood readings for extended periods of time. Absent any objective medical evidence that her hypertension had any effect on her ability to engage in basic work activities, the ALJ did not err in finding that it was not severe or would otherwise preclude her from returning to her past relevant work.

With respect to asthma, Plaintiff testified that her only asthma attack was in either 2005 or 2006. She also testified that she was prescribed an inhaler at that time which she continues to use as needed. Yet, the Court finds no indication in the record that Plaintiff was diagnosed with asthma in 2005 or 2006. Relevant medical evidence shows that in January 2005, she presented to the University of Mississippi Medical Center emergency room with complaints of chest pain and cough. Chest x-rays revealed no infiltrate, active disease, or cardiopulmonary disease, and EKG results showed a normal sinus rhythm and no other abnormalities. Her lungs were clear with normal respiratory effort. She was diagnosed with an upper respiratory infection and costochondritis (chest inflamation). She was discharged in stable condition with Ibuprofen and an Albuterol Inhaler. She was also encouraged to stop smoking and to follow up with her primary care physician.[7]

---

[7]ECF No. 11-7, pp. 16-18, 27.

In March 2005, she presented to the emergency room again complaining of cough, chest congestion, generalized aches and pains, nausea and chills. On examination, her lungs were clear to auscultation with a normal respiratory effort, and chest x-rays indicated no infiltrate or active disease. No cardiovascular or neurological abnormalities were observed. She was diagnosed with a cough and a viral infection, discharged in good condition, and encouraged to stop smoking.[8]

In August 2005, Plaintiff was involved in a minor car accident and presented to the emergency room again. Her chief complaint was a headache. She denied any respiratory, cardiovascular, or musculoskeletal pain. Her lungs were clear to auscultation with a normal respiratory effort, and she had no chest tenderness. She described only moderate pain and had no difficulty moving any of her extremities. She was discharged in good condition, and prescribed Motrin and Flexeril.[9]

In September 2006, Plaintiff returned to the emergency room with complaints of nausea, vomiting, diarrhea and abdominal pain. She described the pain as only moderate, and again denied any respiratory and cardiovascular problems. She was diagnosed with gastroenteritis, discharged in stable condition, and instructed to follow up with her primary care physician.[10]

---

[8]ECF No. 11-7, pp. 20-21.

[9]ECF No. 11-7, pp. 21-23.

[10]ECF No. 11-7, pp. 24-26.

Nothing of record indicates that Plaintiff was ever hospitalized for asthma, nor has any physician ever indicated that she needed to avoid certain environmental conditions. Medical records consistently reveal that her lungs were clear to auscultation with no respiratory distress or abnormalities. Such evidence is consistent not only with her lack of treatment, but with the consultative examination performed in May 2010. Dr. Gunter found that Plaintiff had full and symmetrical respiratory excursions without the use of accessory muscles. Her lungs were also resonant to percussion, and she had vesicular breath sounds throughout her peripheral lung fields. She denied any pleuritic chest pain, dyspnea on exertion, shortness of breath at rest, nocturnal dyspnea, wheezing, cough, hemolysis or history of pneumonia. Given these facts, the Court finds substantial evidence supports the ALJ's finding that Plaintiff's asthma was not medically severe, or alternatively, would not prevent her from returning to her past relevant work.[11]

In sum, no medically acceptable clinical or laboratory diagnostic techniques established the existence of impairments which could be reasonably expected to produce the severity of pain that Plaintiff alleges. No examining or treating physician ever opined that any of her impairments would impact her ability to perform work-related activities. *See Bordelon v. Astrue*, 281 F. App'x 418, 422 (5th Cir. 2008) (distinguishing between diagnosed impairments and functional limitations caused by those impairments). To the contrary, her significant work activity subsequent to her alleged onset date is inconsistent

---

[11]ECF No. 11-7, pp. 37-40.

with her disability claims. By her own admission, she last worked full-time in 2009, and as recently as 2010, cared for children in her home, including a newborn whom she had to lift and carry. Further, contrary to her assertions on appeal, the record reflects that she is independent in her daily activities. While her daughter assists with mopping, vacuuming, and grocery shopping, Plaintiff testified that she lives alone and is able to attend to her personal needs, perform some housework, cook for herself, and attend church every Sunday without difficulty. Dr. Gunter similarly observed that she was independent in her daily activities, and could sit, walk, and stand for a full workday, and lift and carry objects appropriate for her age. He also noted that she is able to hold a conversation, respond appropriately to questions, and carry out and remember instructions.[12] Substantial evidence therefore supports the ALJ's findings that none of Plaintiff's impairments, alone or in combination, were medically severe or would otherwise prevent her from returning to light work.

As a final matter, the Court briefly turns to the additional evidence submitted by Plaintiff on appeal, which is liberally construed as a request for remand under the sixth sentence of 42 U.S.C.A. § 405(g).[13] To warrant a sentence-six remand, "the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding." *Leggett*, 67 F.3d at 567

---

[12]ECF No.11-2, pp. 22-43.

[13]ECF No. 1-1, pp. 1-17.

13

(quoting *Bradley v. Bowen,* 809 F.2d 1054, 1058 (5th Cir. 1987)). "Evidence that was 'not in existence at the time of the administrative . . . proceedings meets the 'new' requirement for remand to the Secretary.'" *Hunter v. Astrue*, 283 F. App'x. 261, 262 (5th Cir. 2008). To be material, the evidence must "relate to the time period for which benefits were denied," and it may not "concern evidence of a later-acquired disability, or of the subsequent deterioration of a previously non-disabling condition." *Haywood v. Sullivan*, 888 F.2d 1463, 1471-72 (5th Cir. 1989) (quoting *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir. 1985)). There must also be a reasonable possibility that the evidence would have changed the outcome of the Commissioner's determination. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

None of the additional evidence submitted by Plaintiff in this case meets the requirements for remand under this section. The only newly submitted evidence is an undated affidavit from her husband, Charles Torns, whom she separated from 15 years ago. Plaintiff fails to show good cause as to why this affidavit, which is merely cumulative to her testimony and subjective complaints, was not submitted during the administrative proceedings. As such, it cannot form a basis for a sentence-six remand under 42 U.S.C.A. § 405(g).[14]

---

[14]*See also Zerba v. Commissioner of Social Security Administration*, 279 F.App'x. 438, 440 (9th Cir. 2008) (failure to address husband's cumulative lay testimony harmless error).

14

Based upon consideration of the evidentiary record as a whole, the ALJ determined that Plaintiff failed to establish that her impairments were of sufficient severity to be disabling. The undersigned's review of the record compels a finding that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. For these reasons, it is the opinion of the undersigned United States Magistrate Judge that Defendant's Motion to Affirm the Commissioner's Decision be granted; that Plaintiff's appeal be dismissed with prejudice; and, that Final Judgment in favor of the Commissioner be entered.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 24th day of July 2013.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE